**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | |
|---|---|
| FRED ROUSE, : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CASE NO.:  5:13-CV-261 (LJA) |
| : | |
| ERIC FANNING, SECRETARY, : | |
| DEPARTMENT OF THE AIRFORCE, : | |
| : | |
| Defendant. : | |
| : | |

## **ORDER**

Before the Court are Plaintiff's Motions for Extension of Time to Respond to Defendant's Motion for Summary Judgment, (Docs. 17, 19), in which Plaintiff requests an extension to file a response to Defendant's Motion for Summary Judgment. For the reasons explained below, Plaintiff's Motions are **DENIED**.

Local Rule 6.2 authorizes the Clerk of the Court to grant one (1) extension not to exceed fourteen (14) days for the filing of briefs. M.D. Ga. L.R. 6.2. Critically, Rule 6.2 provides that "[a] party requesting an additional extension must do so by written motion *filed no later than five (5) days* before the expiration of the extension granted by the clerk." *Id.* (emphasis in original).

Here, Defendant moved for summary judgment on December 10, 2014 (Doc. 16), and Plaintiff's response was due on December 31, 2014. *See* M.D. Ga. L.R. 7.2. On December 29, 2014, two days prior to when his response was due, Plaintiff requested a fourteen (14) day extension pursuant to Local Rule 6.2 ("Plaintiff's First Request"). (Doc. 17.) Defendant raised no objections to Plaintiff's First Request. (Doc. 18.) While no ruling was issued on Plaintiff's motion, had Plaintiff's First Request been granted, Plaintiff's response would have been due on January 14, 2015. Yet, rather than filing a response on or before January 14, 2015, Plaintiff moved on January 21, 2015, a full week beyond the

maximum 14-day extension period, for an additional extension of "at least seven (7) days," contending that he should be afforded the opportunity to file a response because "the Court never issued a formal extension." (Doc. 19.)

As Local Rule 6.2 makes clear, any request for an additional extension should have been made at least five days prior to January 14, 2015. That the Clerk did not specifically grant Plaintiff's extension is of no moment. Plaintiff should have acted diligently to file his response by January 14, 2015, and, at a minimum, submitted his request for an additional extension at least five (5) days prior to then. As such, Plaintiff's motion for an additional extension, filed on January 21, 2015, is untimely.

Even if Plaintiff had filed his motion in a timely manner, he has failed to demonstrate sufficient good cause to warrant an additional extension. Pursuant to Local Rule 6.2, in addition to filing a request for an extension within the prescribed period, a party must also set forth "why an additional extension is needed." M.D. Ga. L.R. 6.2. Further, Rule 6(b) of the Federal Rules of Civil Procedure provides that a request for an enlargement of time after the time to respond has elapsed may only be granted for good cause where the movant has demonstrated excusable neglect. Fed. R. Civ. Pro. 6(b)(1)(B).

Here, the sole basis upon which Plaintiff requests an additional extension is the Court's inaction in granting Plaintiff's First Request. However, as explained above, although the Clerk did not specifically grant Plaintiff's First Request, Plaintiff should have nevertheless filed his response by January 14, 2015. That the Court never issued a formal extension does not qualify as sufficient justification for an additional extension under Local Rule 6.2. Nor does it constitute excusable neglect under Federal Rule 6(b).

In determining whether a party's neglect is excusable under Federal Rule 6(b), courts consider the following factors: "(1) the danger of prejudice to the opposing party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Glover v. City of Pensacola*, 372 Fed. Appx. 952, 955 n.6 (11th Cir. 2010) (citing *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). This

determination is primarily "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395.

Weighing the *Pioneer* factors, the Court finds that Plaintiff has failed to demonstrate excusable neglect. Specifically, the Court finds that Plaintiff's repeated failure to file a response exhibits an absence of good faith. Not only did Plaintiff fail to file a response by January 14, 2015, but he also failed to file one within seven days of filing his second request for an extension. In fact, to date, Plaintiff has yet to file a response.[1]

Reviewed generously, Plaintiff's is operating under the mistaken belief that the Court's inaction somehow tolled the time in which to respond. However, such a mistaken belief is not the type of "innocent oversight" that is excusable. *See Walter v. Blue Cross & Blue Shield United of Wis.*, 181 F.3d 1198, 1202 (11th Cir. 1999) (finding excusable neglect where "the reason for the delay was the failure of a former secretary of [plaintiff's] attorney to record the applicable deadline—the type of 'innocent oversight' involved in *Cheney*"); *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (characterizing the miscommunication between two attorneys as "an innocent oversight by counsel" that constitutes excusable neglect). Indeed, it is well-established in the Eleventh Circuit that "attorney error based on a misunderstanding of the law [is] an insufficient basis for excusing a failure to comply with a deadline." *Advanced Estimating Sys., Inc. v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997); *see also Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1114 (11th Cir. 1993) (finding that counsel's "good faith, erroneous interpretation of Fed.R.Civ.P. 6(e)" did not constitute excusable neglect) (internal punctuation omitted); *Ojeda-Sanchez v. Bland*, No. 08-CV-096, 2010 WL 1737591, at *1 (S.D. Ga. Apr. 29, 2010) (finding inexcusable neglect where it was possible "that counsel failed to observe or misunderstood Local Rule 7.5"); *Allen v. Baldwin Cnty. Comm'n*, No. 06-CV-432, 2007 WL 1875944, at *2 (S.D. Ala. June 28, 2007) (finding that "[a] litigant's unfamiliarity with local rules establishing briefing deadlines does not constitute excusable neglect under Rule 6(b)(2)") (internal citation omitted); *Akridge v. City of Moultrie, Ga.*, No. 04-CV-31, 2006 WL 3328431, at *2 (M.D. Ga. Nov. 15, 2006)

---

[1] It should be noted that the courtroom deputy left a message with Plaintiff's counsel to return the Court's call regarding Plaintiff's request for an extension. Plaintiff, however, never returned the Court's call.

("[A]n attorney's error based on a misunderstanding of the relevant deadline is an insufficient basis for excusing the failure to comply with that deadline.").

Here, as in *Advanced*, Plaintiff's failure to file a response is the result of his "apparent failure to review or to appreciate the relevant rules," 130 F.3d at 999, which clearly state the applicable deadlines to file a response to a motion for summary judgment. Nothing in the rules indicates that the time in which to respond is tolled by merely filing a motion for an extension. Accordingly, Plaintiff has failed to demonstrate excusable neglect.

Furthermore, although the Court recognizes that this ruling could result in negative repercussions for Plaintiff, the Supreme Court has emphasized that "clients must be held accountable for the acts and omissions of their attorney." *Pioneer*, 507 U.S. at 396. Thus, "in determining whether respondents' [negligence] . . . [is] excusable, the proper focus is upon whether the neglect of respondents *and their counsel* was excusable." *Id.* at 397 (emphasis in original). Here, it was not. Plaintiff has had nearly two months to respond Defendant's Motion for Summary Judgment. Rather than filing as expeditiously as possible, Plaintiff, instead, has chosen to wait for a response from the Court. Such inexplicable neglect by Plaintiff and his counsel to diligently file a timely response is simply inexcusable.

For the forgoing reasons, Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment, (Doc. 19), is **DENIED**. Further, Plaintiff's Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment, (Doc. 17), is **DENIED** as moot.

**SO ORDERED**, this   5th    day of February, 2015.

 /s/ Leslie J. Abrams
**LESLIE J. ABRAMS, JUDGE**
**UNITED STATES DISTRICT COURT**